IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIDANGEL, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>SULLIVAN ENTERTAINMENT GROUP, INC., et al.,<br><br>                  Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00989-DN<br><br>District Judge David Nuffer |

       Plaintiff VidAngel, Inc. ("VidAngel") provides services that allow consumers to filter the content of motion pictures, including certain television programs, to their individual specifications and have that filtered content streamed for private viewing.[1] Defendants are copyright owners of motion pictures who have demanded that VidAngel to stop filtering and streaming their copyrighted works.[2] VidAngel initiated this case seeking declaratory relief regarding the legality of its filtering and streaming services under copyright law.[3]

       The Moving Defendants[4] seek dismissal of VidAngel's First Amended Complaint arguing that personal jurisdiction is lacking, and that this case is an improper attempt at procedural fencing, which violates the federal first-to-file rule.[5] Alternatively, the Moving

---

[1] First Amended Complaint ¶¶ 26, 50-58, docket no. 40, filed Sept. 22, 2017.

[2] *Id*. ¶¶ 33, 35.

[3] *Id*. ¶¶ 61-71.

[4] The "Moving Defendants" are: MVL Film Finance, LLC; Marvel Characters, Inc.; Twentieth Century Fox Home Entertainment, LLC; Fox Digital Entertainment, Inc.; Fox Broadcasting Company; New World Pictures, Ltd.; Castle Rock Entertainment, Inc.; New Line Productions, Inc.; Turner Entertainment Co.; Village Roadshow Pictures Entertainment Inc.; Regency Entertainment (USA), Inc.; and Metro-Goldwyn-Mayer Studios Inc. Defendant Sullivan Entertainment Group Inc. is the only named defendant that is not a Moving Defendant.

[5] Motion to Dismiss or, in the Alternative, to Transfer or Stay ("Motion to Dismiss") at 9-20, docket no. 58, filed Oct. 26, 2017.

Defendants request that the case be transferred to the United States District Court for the Central District of California where VidAngel is the defendant in similar proceeding involving some of the Moving Defendants (the "California Action"), or that the case be stayed pending resolution of the California Action.[6]

Because VidAngel has failed to make a prima facie showing of personal jurisdiction, the Moving Defendants' Motion to Dismiss[7] is GRANTED. Additionally, VidAngel is ordered to show cause as to why its First Amended Complaint should not be dismissed as to the remaining defendant, Sullivan Entertainment Group, Inc., for lack of personal jurisdiction. VidAngel is also directed to file a notice stating whether in lieu of dismissal it requests the case be transferred pursuant to 28 U.S.C. § 1631.

**Contents**
DISCUSSION ................................................................................................................................ 3
    General personal jurisdiction is lacking............................................................................ 5
    Specific personal jurisdiction is lacking ........................................................................... 8
        VidAngel's claims do not arise out of the Moving Defendants' business activities in Utah................................................................................................. 9
        The Moving Defendants efforts to protect their intellectual property rights are insufficient to establish specific personal jurisdiction ............................ 11
    VidAngel's request for jurisdictional discovery is futile................................................ 14
    Personal jurisdiction over Defendant Sullivan Entertainment Group, Inc. appears to be lacking................................................................................................................ 15
    VidAngel is given leave to request transfer of the case in lieu of dismissal ................... 15
ORDER ....................................................................................................................................... 16

---

[6] *Id*. at 20-24.

[7] Docket no. 58, filed Oct. 26, 2017.

**DISCUSSION**

The Moving Defendants seek dismissal of VidAngel's First Amended Complaint arguing that personal jurisdiction is lacking, and that this case is an improper attempt at procedural fencing, which violates the federal first-to-file rule.[8] Alternatively, the Moving Defendants request that the case be transferred or stayed pending resolution of the California Action.[9] Because the personal jurisdiction issue is dispositive, the Moving Defendants' other arguments are not addressed.

"The [p]laintiff bears the burden of establishing personal jurisdiction over the defendant."[10] "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."[11] Thus, "[i]n the preliminary stages of litigation . . . the plaintiff's burden is light."[12] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."[13] And all conflicting affidavits and factual disputes are resolved in the plaintiff's favor.[14]

Additionally, "[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue or personal jurisdiction."[15] "By considering documents

---

[8] Motion to Dismiss at 9-20.

[9] *Id*. at 20-24.

[10] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal quotations omitted).

[11] *Id.*

[12] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[13] *Id*. (internal quotations omitted).

[14] *Id.*

[15] *1-800-Contacts, Inc. v. Memorial Eye, PA*, No. 2:08-cv-00983-TS, 2009 WL 1586654, *1 n.1 (D. Utah June 4, 2009).

outside the pleadings . . . the Court does not convert the motion into one for summary judgment."[16]

When considering personal jurisdiction in a federal question case, a court must first determine whether the "applicable statute authorizes the service of process on defendants," and second, decide whether the exercise of personal jurisdiction "comports with constitutional due process demands."[17] VidAngel asserts federal subject-matter jurisdiction under the federal Copyright Act and the Declaratory Judgment Act.[18] Neither of these statutes provides for nationwide service of process, so Fed. R. Civ. P. 4(k)(1)(A) commands [application] of the law of the state in which the district court sits.[19] Therefore, VidAngel must show that jurisdiction is authorized under Utah's long-arm statute, and that the exercise of jurisdiction will not offend the due process clause of the Fourteenth Amendment.[20]

However, the Utah Supreme Court has expressly stated that "any set of circumstances that satisfies due process will also satisfy [Utah's] long-arm statute."[21] As a consequence, the Utah personal jurisdiction standard is collapsed into the federal due process standard.[22]

"[T]o exercise [personal] jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[23] There are two recognized types

---

[16] *Id.*

[17] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[18] First Amended Complaint ¶¶ 24, 36, 67, 71.

[19] *Dudnikov*, 514 F.3d at 1070.

[20] *Zing Bros., LLC v. Bevstar, LLC*, No. 2:11-cv-00337-DN, 2011 WL 4901321, *1 (D. Utah Oct. 14, 2011).

[21] *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998).

[22] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[23] *Dudnikov*, 514 F. 3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

4

of personal jurisdiction that may allow this case to proceed in this district—specific and general jurisdiction. VidAngel has failed to demonstrate that either apply to permit the exercise of personal jurisdiction in this case.

## General personal jurisdiction is lacking

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[24] "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there."[25] For a corporation, "the place of incorporation and the principal place of business are paradigm bases for general jurisdiction."[26] "Those affiliation have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable."[27] There is no dispute that none of the Moving Defendants' place of incorporation is Utah, and none of the Moving Defendants' principal place of business is located in Utah.[28]

However, the exercise of general jurisdiction is not completely limited to the paradigm forums.[29] In exceptional cases, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that state.[30] But this is not an exceptional case.

---

[24] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations omitted).

[25] *Id*. at 137.

[26] *Id*. (internal quotations and punctuation omitted).

[27] *Id*.

[28] First Amended Complaint ¶¶ 8-19.

[29] *Daimler AG*, 571 U.S. at 137-38.

[30] *Id*.

VidAngel asserts the Moving Defendants and their affiliates have customers in Utah and do business in Utah.[31] They film, finance, and promote motion pictures in Utah; they own copyrights in motions pictures that are distributed for viewing in Utah; they participate in annual film festivals held in Utah; they have applied for and received tax credits in Utah; and they have lobbied Utah's federal representative regarding federal copyright laws.[32] Essentially, VidAngel's argument is that Utah has general personal jurisdiction over the Moving Defendants because the Moving Defendants engage in substantial, continuous, and systematic business in Utah. But the Supreme Court has held that such arguments confuse the requirements for general jurisdiction and are "unacceptably grasping."[33]

General all-purpose jurisdiction pertains to "instances in which the continuous corporate operations within a state are so substantial and of such a nature as to justify suit *on causes of action arising from dealings entirely distinct from those activities*."[34] "[T]he inquiry . . . is not whether a foreign corporation's in-forum contracts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State."[35]

If the Moving Defendants' business activities in Utah sufficed to allow adjudication of this case in Utah, the same reach would presumably be available in every other state their motion pictures are filmed, distributed, and viewed by consumers. This is a far reach indeed, as

---

[31] VidAngel's Motion for Leave to Conduct Jurisdictional Discovery and to file Supplemental Brief in Opposition to Defendants' Motion to Dismiss ("Motion for Discovery") at 3-4, 6-8, docket no. 91, filed Nov. 27, 2017; VidAngel's Opposition to Motion to Dismiss or, in the Alternative, to Transfer or Stay ("Response") at 8-9, docket no. 93, filed Nov. 27, 2017.

[32] Motion for Discovery at 3-4, 6-8; Response at 8-9.

[33] *Daimler AG*, 571 U.S. at 138.

[34] *Id*. (internal quotations and punctuation omitted; emphasis in original).

[35] *Id*. at 138-39 (internal quotations and punctuation omitted).

6

VidAngel has acknowledged that the Moving Defendants conduct business in all 50 states, and their motion pictures are distributed across the globe.[36] "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."[37]

Moreover, VidAngel's reliance on the Moving Defendants' lobbying activities is misplaced. "[T]here is a fundamental difference between undertaking lobbying activities before the federal government . . . and undertaking lobbying activities before a state government."[38] "It makes sense to exclude a defendant's lobbying contacts with the federal government from a local court's personal jurisdiction analysis because when a defendant [lobbies] the federal government, it intends to impact the federal government but not necessarily the forum itself."[39] Therefore, the Moving Defendants' federal lobbying activities do not play into the personal jurisdiction analysis.

The Moving Defendants' business activities in Utah are not so substantial or of such a nature as to render them at home in Utah. The Moving Defendants are no more at home in Utah than any other state in which they film and distribute their motion pictures that is not a place of incorporation or principle place of business. Therefore, VidAngel has failed to make a prima facie showing of general personal jurisdiction.

---

[36] Response at 15.

[37] *Daimler AG*, 571 U.S. at 139 (internal quotations omitted).

[38] *Shepherd Invs. Int'l, Ltd. v. Verizon Commc'ns, Inc.*, 373 F.Supp.2d 853 (E.D. Wis. 2005).

[39] *Id*.

## Specific personal jurisdiction is lacking

"Specific [personal] jurisdiction . . . depends on an affiliation between the forum and the underlying controversy[.]"[40] For specific jurisdiction, the "minimum contacts" standard requires, "first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities."[41]

The "purposeful direction" doctrine is to ensure that an out-of-state defendant is not required to defend in a forum state on the basis of "random, fortuitous, or attenuated contacts[.]"[42] The Supreme Court has reasoned that a defendant has "purposefully directed" actions at a forum state when the defendant's (1) intentional actions, (2) were expressly aimed at the forum state, with (3) the knowledge that the "brunt of the harm" would be felt in the forum state.[43] This analysis is commonly referred to as the "effects test."[44]

The focus of this analysis is on "the relationship among the defendant, the forum, and the litigation," not the relationship between the defendant and the plaintiff or other third parties within the forum.[45] In other words, while "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties . . . a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for [specific personal] jurisdiction."[46] "In order for a court to exercise specific jurisdiction over a

---

[40] *Goodyear Dunlop Tires Ops., SA v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).

[41] *Dudnikov*, 514 F.3d at 1071.

[42] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

[43] *Calder v. Jones*, 465 U.S. 783, 789-90 (1984).

[44] *Younique, LLC v. Youssef*, No. 2:15-cv-00783-JNP, 2016 WL 6998659, *7 (D. Utah Nov. 30, 2016).

[45] *Walden v. Fiore*, 134 S.Ct. 1115, 1121-22 (2014) (internal quotations omitted).

[46] *Id*. at 1123.

claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum."[47] "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the States."[48]

**VidAngel's claims do not arise out of the Moving Defendants' business activities in Utah**

VidAngel argues that Utah has specific jurisdiction in this case based on the Moving Defendants' business activities in Utah, including: filming, financing, promoting, and distributing motion pictures in Utah; participating in annual film festivals held in Utah; and applying for and receiving tax credits in Utah.[49] But even assuming that these activities show purposeful direction on the part of the Moving Defendants, they cannot meet specific jurisdiction's second requirement—that VidAngel's claims "arise out of" these activities.

"The Tenth Circuit has not conclusively established a method to determine whether a claim 'arise[s] out of' a non-resident defendant's forum-related conduct, but has identified two possible tests that courts may employ."[50] "The first is a 'but-for' causation test and the second is characterized as a 'proximate cause' test."[51]

> Under the former approach, any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction. The latter approach, by contrast, is considerably more restrictive and calls for courts to examine[] whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim.[52]

---

[47] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1781 (2017) (internal quotations and punctuation omitted).

[48] *Id.*

[49] Response at 8-9, 11-14.

[50] *Younique, LLC*, 2016 WL 6998659, *4 (citing *Dudnikov*, 514 F.3d at 1078).

[51] *Id.* (citing *Dudnikov*, 514 F.3d at 1078).

[52] *Dudnikov*, 514 F.3d at 1078 (internal quotations omitted).

But "both tests require a 'true causal element' between defendants' forum contacts and the litigation."[53]

Under either test, VidAngel's claims for declaratory relief do not arise out of the Moving Defendants' business activities in Utah. VidAngel seeks declaration of non-infringement regarding its filtering and streaming services.

> [T]he nature of the claim in a declaratory judgment action is 'to clear the air of infringement charges.' Such a claim neither directly arises out of nor relates to the [plaintiff or defendant] making, using, offering to sell, selling, or importing . . . products in the forum[.][54]

"[O]nly enforcement or defense efforts related to the [intellectual property] rather than the [intellectual property owner's] commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the [intellectual property owner]."[55] This is because the declaratory judgment action:

> arises out of or relates to the activities of the defendant in enforcing [its intellectual property rights]. The relevant inquiry for specific personal jurisdiction purposes [is] to what extent has the defendant purposefully directed such enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities.[56]

That the Moving Defendants have filmed, financed, promoted, and distributed motion pictures in Utah does not relate to the enforcement of their intellectual property rights. These business activities do not contribute to or give rise to VidAngel's claims for declaratory relief, and they are not relevant to this case. Therefore, the Moving Defendants' business activities in Utah cannot support the exercise of specific personal jurisdiction in this case.

---

[53] *Express Servs., Inc. v. King*, No. CIV-15-1181-R, 2016 WL 3172911, *9 (W.D. Okla. June 6, 2016) (quoting *Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013)).

[54] *New Belgium Brewing Co., Inc. v. Travis Cty. Brweing Co.*, LLC, No. 15-cv-00272-MEH, 2015 WL 2106329, *7 (D. Colo. May 1, 2015) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008)).

[55] *Id*. (quoting *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009)).

[56] *Id*. (quoting *Avocent Huntsville Corp.*, 552 F.3d at 1332) (internal punctuation omitted).

**The Moving Defendants efforts to protect their intellectual property rights are insufficient to establish specific personal jurisdiction**

VidAngel also argues that specific personal jurisdiction may be exercised in this case based on the Moving Defendants' attempts to protect their intellectual property rights.[57] VidAngel asserts that the Moving Defendants have demanded that VidAngel cease and desist its filtering and streaming services; have lobbied Utah's federal officials regarding federal copyright laws, including the Family Movie Act of 2005 ("FMA"); and have asserted claims for copyright infringement against VidAngel in the California Action.[58] VidAngel further argues that Utah is the appropriate forum to determine whether its services are infringing the Moving Defendants' copyrights because Utah is where VidAngel and a substantial number of its customers will feel the injury if its services are discontinued.[59]

VidAngel's arguments lack merit. "As a general rule . . . a defendant's reasonable, good faith actions to protect its alleged rights, including transmittal of cease and desist letters and litigation efforts against a forum resident, do not constitute 'express aiming' at the forum sufficient to establish the constitutionally required minimum contracts with the forum."[60]

> Principles of fair play and substantial justice afford [intellectual property owners] sufficient latitude to inform others of [their intellectual property] rights without subjecting [themselves] to jurisdiction in a foreign forum. [An intellectual property owner] should not subject itself to personal jurisdiction in a forum *solely* by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.[61]

---

[57] Response at 11-14, 16-17.

[58] *Id*.

[59] *Id*.

[60] *SIBU, LLC v. Bubbles, Inc.*, No. 2:11-cv-00477-DN, 2011 WL 6028835, *4 (D. Utah Dec. 5, 2011) (citing *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1190 (D. Colo. 2004)).

[61] *Autogenomics, Inc.*, 566 F.3d at 1020 (quoting *Avocent Huntsville Corp.*, 552 F.3d at 1360-61) (emphasis added).

11

The Tenth Circuit Court of Appeals acknowledged these principles when distinguishing circumstances where a defendant sends a "mere cease-and-desist letter," which warns or threatens a plaintiff in a forum, from circumstance where the defendant takes "affirmative steps with third parties that suspended plaintiffs' ongoing business operations."[62] The court assumed without deciding that the former would be unreasonable to found specific jurisdiction upon, while holding that the later is sufficient to comport with due process.[63]

The Moving Defendants' communications with VidAngel and their demands that VidAngel cease and desist its filtering and steaming services are, alone, insufficient to permit the exercise of specific personal jurisdiction in this case. And neither the Moving Defendants' federal lobbying activities nor the California Action constitute additional affirmative steps that would support the exercise of specific jurisdiction.

As discussed, lobbying contacts with federal representative for changes in federal law do not play into the personal jurisdiction analysis for a local forum.[64] Additionally, though a preliminary injunction has issued in the California Action,[65] VidAngel has gone to great lengths to assert and argue that its claims in this case involve new technology and services that were not before the court in the California Action and are not subject to the preliminary injunction.[66] Accepting these assertions and arguments as true (which cannot now be determined), the California Action and the preliminary injunction should not interfere with VidAngel's ongoing

---

[62] *Dudnikov*, 514 F.3d at 1082.

[63] *Id.*

[64] *Supra* at 7.

[65] *Disney Enters., Inc. v. VidAngel, Inc.*, No. 2:16-cv-04109-AB, Order Granting Plaintiffs' Motion for Preliminary Injunction, docket no. 94-2, filed Nov. 27, 2017.

[66] First Amended Complaint ¶¶ 29-32, 50-60, 63-66, 70; Response at 3-8, 21-24.

business operations relating to its new technology and services.[67] Therefore, VidAngel has failed to make a prima facie showing of any conduct on the part of the Moving Defendants that goes beyond mere cease-and-desist demands to support the exercise of specific jurisdiction.

Finally, VidAngel's reliance on its offices and a significant portion of its customer base being located in Utah are unhelpful in establishing specific jurisdiction. The specific jurisdiction analysis "focuses on the relationship among the defendant, the forum, and the litigation."[68] "[H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated."[69] And "mere injury to a forum resident is not a sufficient connection to the forum."[70] "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." In this case, the Moving Defendants' conduct does not.

VidAngel has failed to make a prima facie showing of a sufficient relationship among the Moving Defendants, Utah, and its claims for declaratory relief to support the exercise of specific personal jurisdiction in this case. Therefore, because both general and specific personal jurisdiction are lacking, the Moving Defendants' Motion to Dismiss[71] is GRANTED.

---

[67] On the other hand, if VidAngel's new technology and services were subject to the California Action and preliminary injunction, then VidAngel would have a better case for establishing specific personal jurisdiction in Utah. *C.f. Dudnikov*, 514 F.3d at 1082. But such an argument would necessarily concede that VidAngel's claims in this case violate the federal first-to-file rule and are appropriately raised as counterclaims in the California Action. *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, *2 (10th Cir. 1999). Ultimately, either way the California Action and preliminary injunction are viewed, they do not support the exercise of jurisdiction in this case.

[68] *Walden*, 134 S.Ct. at 1122 (internal quotations omitted).

[69] *Id*.

[70] *Id*. at 290.

[71] Docket no. 58, filed Oct. 26, 2017.

13

## VidAngel's request for jurisdictional discovery is futile

In conjunction with its Response to the Moving Defendant's Motion to Dismiss, VidAngel requested leave to conduct jurisdictional discovery.[72] Specifically, VidAngel proposes discovery regarding the Moving Defendants' cease-and-desist demands to VidAngel and the extent to which the Moving Defendants have negotiated licenses with Utah-based entities or distributed, bought, filmed, or produced movies in Utah.[73] The facts sought in this proposed discovery, however, will not lead to the exercise of personal jurisdiction in this case.

Discovery relating to the Moving Defendant's communications with VidAngel has no bearing on general personal jurisdiction. And, as discussed, mere demands that VidAngel cease and desist its filtering and streaming services are insufficient to establish the minimum contacts necessary for the exercise of specific personal jurisdiction.[74]

Additionally, the Moving Defendants' business activities that VidAngel has proffered, and which it proposes to target in discovery, are not the type of contacts that would be so substantial or of such a nature as to render the Moving Defendants at home in Utah for purposes of general jurisdiction.[75] And VidAngel's claims for declaratory relief do not arise out of these business activities for purposes of specific jurisdiction.[76]

Therefore, the discovery VidAngel seeks is futile and its Motion for Discovery[77] is DENIED.

---

[72] Response at 17; Motion for Discovery.

[73] Response at 17; Motion for Discovery at 5-8.

[74] *Supra* at 11-12.

[75] *Supra* at 6-7.

[76] *Supra* at 9-10.

[77] [Docket no. 91](#), filed Nov. 27, 2017.

## Personal jurisdiction over Defendant Sullivan Entertainment Group, Inc. appears to be lacking

A Default Certificate has entered against Defendant Sullivan Entertainment Group, Inc. ("Sullivan") for its failure to timely appear or otherwise respond to VidAngel's First Amended Complaint.[78] However, it appears that VidAngel's grounds for the exercise of personal jurisdiction over Sullivan are is the same as it has argued regarding the Moving Defendants.[79] If so, for the same reasons discussed above,[80] personal jurisdiction over Sullivan is lacking.

Therefore, VidAngel is directed to file a brief showing cause as to why the Default Certificate entered against Sullivan should not be set aside and VidAngel's First Amended Complaint dismissed as to Sullivan for lack of personal jurisdiction.

## VidAngel is given leave to request transfer of the case in lieu of dismissal

Although personal jurisdiction over the Moving Defendants is lacking, 28 U.S.C. § 1631 provides that "[w]henever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ."[81]

The Moving Defendants have argued that if this case is not dismissed, it should be transferred to the United States District Court for the Central District of California.[82] VidAngel opposed such a transfer when responding to the Moving Defendants' Motion to Dismiss.[83] However, in light of the determination that personal jurisdiction is lacking, it is appropriate to

---

[78] Default Certificate, docket no. 118, filed Mar. 19, 2018.

[79] First Amended Complaint ¶¶ 7, 33-34.

[80] *Supra* at 5-13.

[81] 28 U.S.C. § 1631.

[82] Motion to Dismiss at 20-23.

[83] Response at 23-24.

afford VidAngel the opportunity to request the case be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1631 in lieu of dismissal.

## ORDER

IT IS HEREBY ORDERED that the Moving Defendant's Motion to Dismiss[84] is GRANTED effective August 6, 2018, if this case is not transferred as provided below.

IT IS FURTHER HEREBY ORDERED that VidAngel's Motion for Discovery[85] is DENIED.

IT IS FURTHER HEREBY ORDERED that by no later than Friday August 3, 2018, VidAngel shall file a brief, not exceeding ten pages in length, showing cause as to why the Default Certificate against Defendant Sullivan Entertainment Group, Inc. should not be set aside and VidAngel's First Amended Complaint dismissed as to Sullivan for lack of personal jurisdiction.

IT IS FURTHER HEREBY ORDERED that by no later than Friday August 3, 2018, VidAngel shall file a notice stating whether in lieu of dismissal it requests the case be transferred pursuant to 28 U.S.C. § 1631 to the United States District Court for the Central District of California.

Signed July 27, 2018.

BY THE COURT

_____

District Judge David Nuffer

---

[84] Docket no. 58, filed Oct. 26, 2017.
[85] Docket no. 91, filed Nov. 27, 2017.